UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CIVIL RIGHTS COMPLAINT FORM FOR
PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Rhonda Fleming, et al,

Inmate ID Number: 20446-009,

v.                                           Case No. 4:21CV325 MW MJF

Federal Bureau of Prisons,
United States of America,
Director Michael Carajual,                   Jury Trial Requested?
                                             ☑ YES ☐ NO

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

Warden Erica Strong, /
Unknown Government Officials

FILED USDC FLND TL
AUG 2 '21 PM 3:19

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
Clerk Admin/Official/Forms

1

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: _Rhonda Fleming_ ID Number: _20446-009_

List all other names by which you have been known: _N/A_

Current Institution: _FCI - Tallahassee_

Address: _PO Box 5000_

_Tallahassee, FL 32314_

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: _Federal Bureau of Prisons_

   Official Position: _Government Agency_

   Employed at: _N/A_

   Mailing Address: _320 First Street, NW_

   _Washington, DC 20534_

   ☐ Sued in Individual Capacity     ☒ Sued in Official Capacity

2. Defendant's Name: United States of America

Official Position: Sovereign Country

Employed at: N/A

Mailing Address: U.S. Attorney General's Office
950 Pennsylvania Ave, Washington DC 20534

☐ Sued in Individual Capacity   ☑ Sued in Official Capacity

3. Defendant's Name: Director Michael Carajval

Official Position: Director of FBOP

Employed at: 320 First Street, NW

Mailing Address: Washington, DC 20534

☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)* See next page for additional Defendants

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation

of any rights, privileges, or immunities secured by the Constitution" and federal

law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics,* 403 U.S. 388 (1971), you may sue federal

officials for the violation of certain Constitutional rights.

3

Warden Erica Strong
Warden at FCI-Tallahassee
501 Capital Circle NW
Tallahassee, FL 32301
Sued in individual + official capacity


Unknown Government Officials
information unknown
sued in individual + official Capacity

4

Are you bringing suit against (*check all that apply*):

☑ Federal Officials (*Bivens case*)       ☐ State/Local Officials (*§ 1983 case*)

## III.  PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee                    ☐ Civilly Committed Detainee

☐ Convicted State Prisoner          ☑ Convicted Federal Prisoner

☐ Immigration Detainee              ☐ Other (*explain below*):

_____

_____

## IV.  STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. *Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.* You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be*

*addressed in a separate civil rights complaint.*

Please see attached Amended
Civil Complaint filed
by mail on July 20, 2021,
with this form, paragraphs 16-32

Tort Claim Response
is attached to
Amended Complaint
Last Page after
Verification

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

See attached Complaint
Paragraphs 33-52

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

See attached Complaint
Paragraphs 53-57

7

A. To the best of your knowledge, have you had any case dismissed for a

reason listed in § 1915(g) which counts as a "strike"?

□ YES   □ NO   *I am unsure about the correct response.*

If you answered yes, identify the case number, date of dismissal and

court:

1. Date:_____Case #: _____

   Court: _____

2. Date:_____Case #: _____

   Court: _____

3. Date:_____Case #: _____

   Court: _____

   *(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with

the same facts or issue involved in this case?

□ YES ☑ NO

If you answered yes, identify the case number, parties, date filed, result (*if

not still pending*), name of judge, and court for each case (*if more than

one*):

1. Case #:_____Parties: _____

Court:_____            !ge: _____

Date Filed:_____ Dismissal Date *(if not pending)*:_____

Reason:_____

2.  Case #:_____ Parties:_____

Court:_____ Judge:_____

Date Filed:_____ Dismissal Date *(if not pending)*:_____

Reason:_____

C. Have you filed any other lawsuit in federal court either challenging your

conviction or otherwise relating to the conditions of your confinement?

☑ YES   ☐ NO

If you answered yes, identify all lawsuits:

1.  Case #: 7:17-009 Parties: USA

Court: ND-Tex      Judge: Reed O'Connor

Date Filed: 2016 Dismissal Date *(if not pending)*: 3/2021

Reason: Failure to state a claim

2.  Case #: 4:16-1042Y Parties: Warden

Court: ND-Texas Judge: Terry R Means

Date Filed: 2017 Dismissal Date *(if not pending)*: 2018

Reason: dismissed lack of jurisdiction

3.  Case #: H-17-3295 Parties: Warden Steve Mora

Court: SD-Tex          Judge: Gray H. Miller

Date Filed: 2018   Dismissal Date *(if not pending)*: 2018

Reason: Want of Jurisdiction

4. Case #: 4:14-300      Parties: Warden

Court: ND Florida   Judge: Charles A. Stampelos

Date Filed: 2014   Dismissal Date *(if not pending)*: 2015

Reason: lack of jurisdiction

5. Case #: 19-2713   Parties: USA-

Court: D. Minn          Judge: (Catherine Menendez

Date Filed: 2018   Dismissal Date *(if not pending)*: 2020

Reason: could not pay filing fee

6. Case #: 15-1135      Parties: Medicare FOIA Group

Court: D-Columbia   Judge: Emmet G. Sullivan

Date Filed: 2015   Dismissal Date *(if not pending)*: pending

Reason: costs & fee, I was prevailing party

*(Attach additional pages as necessary to list all cases. **Failure to***

***disclose all prior cases may result in the dismissal of this case.**)*

I have limited access to electronic
law library to access all information.

## IX.  CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct. Additionally, as required by Federal

10

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date 7/28/21    Plaintiff's Signature: _____

Printed Name of Plaintiff: _Rhonda Fleming_

Correctional Institution: _FCI-Tallahassee_

Address: _PO Box 5000_
_Tallahassee, FL 32301_

**I certify and declare, under penalty of perjury, that this complaint was**

**(*check one*) ☐ delivered to prison officials for mailing or ☒ deposited in**

the prison's mail system for mailing on the 28th day of July,
20 21.


Signature of Incarcerated Plaintiff: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

RHONDA FLEMING,

Plaintiff,

v.                                                     No. _____

                                                         JURY DEMAND

FEDERAL BUREAU OF PRISONS,
UNITED STATES OF AMERICA,
DIRECTOR MICHAEL CARAJVAL
WARDEN ERICA STRONG,
UNKNOWN GOVERNMENT OFFICIALS,
in their individual and official capacities,
Defendants.

COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

The Plaintiff, Rhonda Fleming, files this Civil Complaint for Declaratory Judgment and Damages, pursuant to the Declaratory Judgment Act, 28 USC Section 2201, the First,  Eighth, and Fourteenth Amendments of the United States Constitution, Religious Freedom Restoration Act, Federal Tort Claim Act("FTCA"), 28 USC Section 1346, 28 USC Section 2241, and Florida state laws.

I.  INTRODUCTION

This Complaint arises out of the Defendants transgender policy, Program Statement 5200.04 CN-1, which allows biological male inmates to be housed with women inmates in the Federal Bureau of Prisons.

In the United States of America, it is a historical fact, women have been treated as second class citizens for centuries and throughout their lives, have lived in fear of sexual abuse, by the same sex, men, that in some respects, continue to treat women as less than their equals.

The earliest memories of most women include being cautioned to not show their nude bodies to the opposite sex, to include their own male family members, like fathers and brothers.  Young ladies are taught wearing revealing clothing can bring unwanted attention from certain types of men and could lead to sexual assault, with society blaming the woman.  Most women have been sexually assaulted and/or harassed by men at some point in their lives.

Unfortunately, federal prison is no haven from sexual abuse.  The Federal Bureau of Prisons continues to have a large number of correctional officers sexually abusing and harassing women inmates.  Some correctional officers are prosecuted, but thus far, the sexual abuse is getting worse.

Intuitively, even in 2021, women are aware a large number of men believe and act on the belief, that the mental and physical needs of women are less important than those of men.  The transgender policy of the federal prison system exemplifies this fact.  Defendants United States and the FBOP historical practice of disregarding the needs of women, treating women as an afterthought, while subjecting them to sexual abuse, harassment, physical intimidation, denial of medical care, denial of bodily privacy and violating the right to free exercise of their religion, forcing women to share intimate areas, undressing and showering in the presence of the opposite sex--biological males inmates, stands as proof of sex discrimination.

The Plaintiff, other incarcerated women, as well as correctional officers, women and men, have been totally disrespected by the FBOP transgender policy, allowing men to serve their prison sentences in women's federal prisons, to include locking women in segregation cells with men.  Women are locked in segregation cells for weeks and months, 24 hours a day, with a biological male, with his genitalia.

--------------------------------------------------------------------------------

The FBOP transgender policy places the alleged transitioning needs of biological male inmates, some violent and mentally ill, before the emotional, mental, and physical safety of women in federal custody.  We do not denigrate the character or basic goodness of most people with gender dysphoria.  This Complaint is not filed to harm any inmate suffering with gender dysphoria.

The Plaintiffs are filing this Complaint to protect the rights of women and girls, in and out of prisons.  The well-being of women and girls, throughout the United States, the United Kingdom, and other countries, have been cast aside, held as unimportant to the primary goals of transgender activists.  The emotional, mental, and physical needs of women and girls have been dismissed, as homophobic or irrational.

This Complaint is also about freedom of speech in America.  The Plaintiffs do not believe in transgenderism and will not use pronouns which do not correspond with an individual's biological sex.  The denial of freedom of speech or the intimidation to say words that a small group want said, is a violation of American principles and the United States Constitution.

There is no constitutional right for a biological male to use biological females to assist him in transitioning to be a woman.  Male inmates may have constitutional rights to treatment for gender dysphoria, but this treatment cannot overrule a biological woman's rights to religious freedom and a woman's right to bodily privacy from the opposite sex.

The FBOP transgender policy is a political interest, not a penological one.  The religious freedoms of all Americans are under attack.  The rights of women require protection from the courts.  The same political group that support abortion rights, arguing a woman has a right to kill a baby, because it is her body, are supporting the violation of bodily privacy rights of women from exposing their nudity in intimate spaces, to the opposite sex.

The Plaintiffs recognize Jesus Christ as their Lord and Savior, but even if they are atheist or agnostic, they have constitutional bodily privacy rights and the right to mental health care that does not include government indoctrination in accepting that a man can be a woman, from FBOP Psychology Services.

The federal government, under the Obama administration practiced their transgender policy on helpless women in prisons, then they took the policy to our girls in government schools, forcibly indoctrinating girls to accept the rights of biological boys and men are greater than their rights.

This is a lie that must be ended.  The FBOP transgender policy of designating and/or transferring men to be housed with women must end, immediately.

II. PARTIES

1.  Plaintiff Rhonda Fleming is a female federal inmate, currently housed at FCI-Tallahassee.  The Plaintiff has been housed with biological male inmates since 2015, at FMC Carswell, FCC Hazelton, and FCI-Tallahassee.

2. Deleted

3.  Defendants Federal Bureau of Prisons("FBOP") is part of the Department of Justice.  The FBOP and their employees are responsibility for the abuse suffered by the Plaintiff, as stated below.  Defendant FBOP is subject to declaratory judgments, liability and monetary damages for wrongful conduct of their employees and the agency pursuant to the FTCA.  Defendant FBOP will be served process pursuant to Federal Rules of Civil Procedure (4)(i)(1), after issuance of the summons by the U.S. District Clerk, to:

United States Attorney General Merrick Garland
Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530

4.  Defendant United States of America, their agency, and employees are responsible for the abuse suffered by the Plaintiff, as stated below.  Defendant United States is a sovereign country subject to liability and monetary damages for the wrongful conduct of their employees and agency pursuant to the Federal Tort Claims Act ("FTCA"), Bivens, and constitutional violations. Defendant United States of America will be served process pursuant to Federal Rules of Civil Procedure (4)(i)(1), after issuance of the summons by the U.S. District Clerk, to the address as stated in Paragraph 2, the U.S. Attorney General.

2

-------------------------------------------------------------------------------

## III. IMMUNE INDIVIDUAL EMPLOYEES

5. Defendant Director Michael Carajval is the director of the Federal Bureau of Prisons(FBOP) and is responsible for enforcing the transgender policy against women inmates nationwide.

6. Defendant Warden Erica Strong is the senior warden at FCI-Tallahassee and is responsible for enforcing the transgender policy against the Plaintiffs.

7. Defendant Unknown Government Officials are individuals involved in implementing, enacting, and enforcing the transgender policy against women inmates nationwide.

## IV. JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction over this action pursuant to 28 USC Section 1346, Federal Tort Claims Act("FTCA") as it involves liability of the United States of America reserved to federal courts.

9. The Court has personal jurisdiction over all Defendants pursuant to 28 USC Section 1402 as the acts and omissions set forth herein occurred within this jurisdiction.

10. The Court has jurisdiction over all claims, state and federal, because the Plaintiffs have fully exhausted all administrative remedies which may have been required, if any.

11. The Plaintiffs are in custody in this district.

## V. FEDERAL BUREAU OF PRISONS

12. The Federal Bureau of Prisons is a United States federal law enforcement agency responsible for the custody of individuals who have violated federal laws.  The FBOP's stated mission is to "protect public safety by ensuring that federal offenders serve their sentences of imprisonment in facilities that are safe, humane, cost efficient and appropriately secure."

13. Some time in 2015, Defendant FBOP enacted and implemented a policy to designate and/or transfer male inmates to female prisons, many of which are still in possession of their male genitalia.

14. The FBOP has violated its stated mission by failing to ensure that the prison facilities are safe for women, humane, and appropriately secure by forcing biological female inmates to share housing units and intimate spaces(showers and toilets) with biological male inmates.

15. The FBOP is short of staff and has been for several years.  Placing violent male inmates in women's prisons endangers women inmates and correctional officers.

## VI. STATEMENT OF FACTS

16. The Plaintiffs have been housed with biological male inmates at all federal prisons of which they have served their prison sentences and for the duration of the their incarceration at FCI-Tallahassee, at least since 2017.  Notice of a change in policy was never posted.

17. The Plaintiffs have been forced to share intimate spaces with male inmates, in open dorms, 24 hours a day.  There is absolutely no ability for a woman to shield herself from exposing her nudity in open dorms at FCI-Tallahassee.

18. The Plaintiffs, other inmates, and correctional staff have been subjected to forced indoctrination of their speech, to use female pronouns when addressing or referring to biological male inmates.  Intimidation by correctional staff that support the transgender policy has infringed on the Plaintiffs freedom of speech rights for 5 or more years.  This is a daily occurrence where staff will correct the use of pronouns when referring to male inmates.  Inmates can be given a incident report for insolence, if the correctional staff believe the inmate is being disrespectful, when in fact, the Plaintiffs are protected by the U.S. Constitution from the governments intimidation.

19. The Plaintiffs do not believe in transgenderism and refuse to participate in supporting something that is not based on reality. A man cannot be a woman.  This is a fact.  A man can decide to dress as a woman and live his life dressed as a woman, but he

will never be a woman, as created by God.

20.  The Plaintiffs have been denied their constitutional right to bodily privacy.  The Plaintiffs have to expose themselves, several times a day, when they are showering or using the toilet.  Males are taller than females and can easily look over short walls separating toilets. Shower curtains are not held in place and sway when persons are entering or leaving the shower area, allowing male inmates to see the Plaintiffs.

21.  The Plaintiffs have been denied their right to practice a tenet of their faith, modesty, which requires that they not expose their nude or partially nude bodies to the opposite sex.  Male inmates have been given free access to women's prison and therefore, have free access to view the Plaintiff's nudity or partial nudity, when showering or using the toilet facilities.

4

22. Many of the male inmates in the prison with the Plaintiffs are bisexual. They sexually desire women and correctional staff will attest to the fact that these men are engaging in sex with women in the prisons.

23. Heterosexual males or females are not engaging in sex with each other based on sound penological interests. Bisexual, biological males, who allege they are females, should not be housed with the Plaintiffs or any other women, for the same reasons that heterosexual male and female inmates are kept apart.

24. Plaintiff Fleming is a Messianic Jewish woman and practices the principles of "tzniut," which means modesty. Plaintiff Fleming rejects all nudity in the presence of the opposite sex unless it is her spouse.

25. Deleted

26. The Plaintiffs have been substantially burdened by the Defendants transgender policy, which continues on a daily basis to deny them their constitutional right to practice their faith. The Plaintiffs background, coming from families that are religious people, prove the sincerity of their beliefs. Both Plaintiffs participate in prison religious activities and celebrations of their faith and respect for God.

27. The transgender policy has increased the punishment of the Plaintiffs. Housing male inmates with women is an atypical and significant hardship due to the change in prison policy, without notice, secretly implemented. The Plaintiffs would not have known some of the male inmates were biological men, until these men verbally stated they were transgender women.

28. There has been significant disruptions in the daily, mainly peaceful, running of a women's federal prison. Women are suspicious that other biological women may actually be biological men.

29. The Plaintiffs are housed with male and female inmates who suffer with gender dysphoria. Federal male inmates at men only federal prisons are not housed with both sexes suffering from this mental health problem. Male inmates are not subjected to the government's indoctrination that men can be women. The Plaintiffs are suffering sex discrimination.

30. The Plaintiffs and other female inmates have been denied medical treatment for a variety of ailments, such as mold illness, infections, or replacement of a breast removed due to cancer. Women inmates are told that there is no money in the budget for their care. The Plaintiffs have mold illness and are denied medical care, while the FBOP uses the women's medical budget on assisting male inmates in transitioning into being women.

31. The Plaintiffs have been denied mental health care that does not include coercion into accepting men can become women. Instead, Psychology Services infer that women inmates are homophobic or irrational about the presence of males in the housing units. The Plaintiffs have suffered years of daily headaches, stomach aches, all over body pain, as well as panic attacks, anxiety, and depression due to the constitutional transgender policy.

32. The transgender policy is enforced, nationwide, in all federal facilities where women are in the custody of the Defendants.

VII.  STATEMENT OF CLAIMS

33. The Plaintiffs incorporate by reference the allegations set forth in paragraphs 1-32 of this Complaint for Declaratory Judgment and Damages, as fully set forth herein, for all of the following claims and/or causes of action. The amount of damages is to be determined for all Counts at trial.

A.  COUNT-1, DECLARATORY JUDGMENT

34. The district court has the discretion to declare the rights of parties in actual controversies, within its jurisdiction.

35. The Plaintiffs are seeking a declaratory judgment holding that their constitutional and statutory rights have been violated by the Defendants.

36.  The Plaintiffs have shown that there are adverse legal interests, in substantial controversy, of sufficient immediacy which warrant issuance of a declaratory judgment.  The Plaintiffs have sufficiently presented facts that their bodily privacy rights and the practice of their religion is being impinged upon in a manner that has substantially burdened the them and violated a substantive liberty interest, bodily integrity and free exercise of religion.

B.  COUNT-2, RELIGIOUS FREEDOM RESTORATION ACT & FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

37.  The Defendants are burdening the Plaintiff's exercise of religion to further a political interest and not using the least restrictive means.  There is absolutely no penological purpose, in line with the mission statement of the Defendants, that would cause them to give male inmates the ability to view Jewish and Protestant women nude. ·It is a well-known, historical fact that prisons are sex segregated to protect women, biological women, form sexual assaults, harassment, and intimidation by men in prison.

38.  The ultimate relief sought by the Plaintiffs is removal of all men out of women's prison.  While this case is pending, the Plaintiffs move the Court, fo a Preliminary Injunction, to enjoin the Defendants to transfer them to home confinement or a halfway house in their community.

39.  The Defendants' transgender policy impinges on the Plaintiff's right to practice their faith.

40.  Practicing modesty/bodily privacy is grounded in a sincerely held religious belief as stated in the Torah/Holy Bible.

41.  The transgender policy substantially burdens the practice of tznuit/modesty, a substantive liberty interest, of which no due process was afforded, when this right was taken.

42.  All of the Defendants, in their individual and official capacities caused the Plaintiffs physical, emotional, and mental pain, for over 5 years, by denying their constitutional and statutory right to practice their Jewish and Protestant faiths.

C.  COUNT-3, EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION

43.  All of the Defendants, in conjunction with their individual and official actions, caused the Plaintiffs to be denied medical and mental health care.  The Department of Justice allocated a limited budget for medical and mental health care for women's prisons.  The Defendants used this limited budget on care for men, being deliberately indifferent to the medical and mental health needs of women.

44.  It is cruel and unusual punishment to force women that have been subjected to sexual and domestic abuse by men, to use intimate spaces, exposing their bodies to men.  This conduct was deliberately indifferent to the emotional needs of the majority of the biological women in federal prisons, to include the Plaintiffs.

D.  COUNT-4, FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

45.  The Defendants never gave notice to the Plaintiffs, or other women in their custody, that they would begin housing biological male inmates, with their genitalia, in women's federal prisons, in violation of the Due Process Clause of the Fourteenth Amendment.  The Plaintiffs were denied notice and opportunity to challenge the policy before it was implemented. The Plaintiffs had a substantive and/or protected liberty interest in women's federal prisons remaining "women only" federal prisons. ·Allowing bisexual, male inmates to live with heterosexual, female inmates, after at least a century of sex-segregated prison housing units, constitutes an atypical and significant hardship, which created a substantive and/or protected liberty interest by the federal government.  It shocks the conscience of the public to know that women are being forced to share intimate spaces with biological males.  The same political group who enacted this policy in prisons are now pushing for biological boys to be in girls locker rooms and restrooms, in public schools.

46.  The Defendants have violated the Plaintiff's right to equal protection under the Fourteenth Amendment, by housing male and female inmates with gender dysphoria at women's federal prisons.  The Defendants violated the Plaintiffs' constitutional rights to bodily privacy, as recognized in the Eleventh Circuit, for women inmates.  The Defendants do not believe women can be men based on their failure to transfer biological women that say they are men, to men's federal prison.  The Defendants only believe that men can be women, which proves discriminatory conduct against the Plaintiffs.

47.  The Plaintiffs have equal protection rights not to be put in any greater danger than male inmates.  Many male and female inmates with gender dysphoria are violent and a danger to women in prison.

6

----------------------------------------------------------------------------

E. COUNT-5, FEDERAL TORT CLAIM ACT, 28 USC SECTION 1346, GENERAL NEGLIGENCE, INFLICTION OF EMOTIONAL PAIN AND PHYSICAL PAIN, FLORIDA STATE LAW ON NEGLIGENCE AND INFLICTION OF EMOTIONAL DISTRESS

48. The Defendants had a duty to provide a safe and humane prison, in compliance with constitutional and statutory laws. The Defendants breached their duty by placing male inmates in housing units with the Plaintiffs, causing them physical and emotional distress and pain. The physical pain of headaches, stomach aches, all over body pain is caused by the Defendants' transgender policy.

49. The Defendants received many complaints about the transgender policy from women that were frightened, who had experienced sexual abuse prior to their incarceration. The Defendants had actual and constructive knowledge, statistically, that women would be fearful of living with male inmates.

50. The Defendants' conduct was negligent and pursuant to the FTCA and Florida state laws.

F. COUNT-7, HABEAS CORPUS RELIEF, 28 USC SECTION 2241

51. The Defendants are violating the Plaintiffs constitutional rights, specifically the First, Eighth, and Fourteenth Amendments of the constitution, in the execution of their sentences.

52. The Defendants caused the sentences of the Plaintiffs to be more onerous, restrictive, and punitive than would otherwise have been the case, as contemplated at the time of sentencing. No district court would have visualized Jewish and Christian women living with bisexual male inmates, sharing intimate spaces, and being denied the practice of their faith and their bodily privacy rights being violated daily. The Court has the authority to grant an accommodation, wuch as permanent placement on home confinement ofr the duration of their remaining sentences.

VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court will:

53. Grant a declaratory judgment and habeas corpus relief in the favor of the Plaintiffs for all claims presented in paragraphs 34-52.

54. Grant the Plaintiffs a jury trial on all claims triable by a jury.

55. Grant compensatory, punitive, and nominal damages.

56. Grant attorney fees and costs.

57. Grant any relief the Court deems appropriate.

Respectfully Submitted,

Rhonda Fleming, Plaintiff

July 28, 2021

Reg. No. 20446-009
FCI-Tallahassee
PO Box 5000
Tallahassee, FL 32314

7

---

VERIFICATION IN ACCORDANCE WITH 28 USC SECTION 1746

The Plaintiffs, Rhonda Fleming                    , declare under penalty of perjury that all statements are true and correct.

Rhonda Fleming, Plaintiff

8



U.S. Department of Justice

Federal Bureau of Prisons

*Southeast Regional Office*

---

*3800 Camp Creek Parkway, SW*
*Building 2000*
*Atlanta, GA 30331-6226*

CERTIFIED MAIL
7020 1810 0002 2122 0590

July 9, 2021

Rhonda Fleming # 20446-009
P.O. Box 5000
Tallahassee, FL 32314

Re: Administrative Tort Claim TRT-SER-2021-04796

Dear Claimant:

Your claim has been considered for administrative settlement under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672 et seq., and authority granted by 28 C.F.R. § 0.172. Section 2672 of the FTCA delegates to each federal agency the authority to consider, determine, and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

You claim the Bureau of Prisons is violating your bodily privacy and religious freedoms by housing you with transgender inmates, which are biologically males. Consequently, you seek $100,000 in damages.

We forwarded your claim for investigation and reviewed the information you provided as well as staff reports. The investigation did not reveal you suffered an injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment. Consequently, your claim must be denied.

This letter will serve as the denial of your claim. If you are dissatisfied with our determination in this matter, you may file suit in an appropriate United States District Court not later than six (6) months after the date of mailing of this notification.

Sincerely,

*R. De Aguiar*

R. De Aguiar
Supervisory Attorney

cc:     Warden
        Legal Liaison

Rhonda Fleming 20746-009
FCI - Tallahassee
PO Box 5000
Tallahassee, FL 32314

United States District Court
Office of the Clerk
111 North Adams Street
Tallahassee, FL 32301

CHECKED AUG 02 2021

Legal Mail



**FEDERAL CORRECTIONAL INSTITUTION**
**501 CAPITAL CIRCLE NE**
**TALLAHASSEE, FL 32301**

THE ENCLOSED LETTER WAS PROCESSED
ON _____ THROUGH SPECIAL
MAILING PROCEDURES.

The letter has neither been opened or inspected if
the writer raises a question or problem over which
this facility has jurisdiction, you may wish to
return the material for further information or
clarification.  If the writer encloses
correspondence for forwarding to another
addressee, please return the enclosure to the above
address.