# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

*Third Amended*

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Rhonda Fleming,

**Inmate ID Number:** 20446-009

v.

Case No. 4:21-cv-325-mw-mJF

Federal Bureau of Prisons,

United States of America,

Director Michael Caragval

**Jury Trial Requested?**
☒ YES ☐ NO

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Warden Erica Strong, /
Unknown Government Officials

FILED USDC FLND TL
NOV 1 '21 PM 8:31

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
Clerk:Admin/Official/Forms

# I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Rhonda Fleming   ID Number: 20446-009

List all other names by which you have been known: N/A

Current Institution: FCI - Tallahassee

Address: P.O. Box 5000

Tallahassee, FL 32314

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency,

organization, or corporation. For individual Defendants, identify the person's

official position or job title, and mailing address. Indicate the capacity in

which the Defendant is being sued. Do this for *every* Defendant:

1. Defendant's Name: Federal Bureau of Prisons

Official Position: Government Agency

Employed at: N/A

Mailing Address: 320 First Street, NW

Washington, DC 20534

☐ Sued in Individual Capacity    ☒ Sued in Official Capacity

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
ClerkAdmin/Official/Forms

2

2. Defendant's Name: United States of America

Official Position: Sovereign Country

Employed at: N/A

Mailing Address: U.S. Attorney General's Office
950 Pennsylvania Ave, Washington DC 20534

☐ Sued in Individual Capacity   ☑ Sued in Official Capacity

3. Defendant's Name: Director Michael Carajval

Official Position: Director of FBOP

Employed at: 320 First Street, NW

Mailing Address: Washington, DC 20534

☑ Sued in Individual Capacity   ☑ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by attaching additional pages, as needed.)* See next page for additional Defendants

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Warden Erica Strong
Warden at FCI-Tallahassee
501 Capital Circle NW
Tallahassee, FL 32301
Sued in individual & official capacity


Unknown Government Officials
information unknown
sued in individual & official capacity

4

Are you bringing suit against (*check all that apply*):

☑ Federal Officials (*Bivens case*)          ☐ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☐ Convicted State Prisoner   ☑ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. *Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.* You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

Please see following pages
for Statement of Facts

STATEMENT OF FACTS

1.   The Plaintiff has been housed with biological males at all federal prisons since at least 2015, to include her present incarceration at FCI-Tallahassee.  Notice of change in policy was posted after Defendant Unknown Government Officials had began transferring male inmates to women's federal prisons.

2.   The Plaintiff has been forced to share intimate spaces with male inmates, in open dorms, 24 hours a day.  There is absolutely no ability for a woman to shield herself from exposing her nudity in open dorms at FCI-Tallahassee.

3.   The Plaintiff, other inmates, and correctional staff have been subjected to forced indoctrination of their speech, to use female pronouns when addressing or referring to biological males.

4.   The Plaintiff does not believe in transgenderism and refuses to participate in supporting something that is not based on reality and violates her religious beliefs.

5.   The Plaintiff has been denied her constitutional right to bodily privacy.  The Plaintiff has to expose herself several times a day, when showering or using the toilet.

6.   The Plaintif has been denied her right to practice a tenet of her faith, modesty, which requires that she not expose her nude or partially nude body to the opposite sex.

7.   Defendant Director Michael Carjval has enforced this policy and continues to allow male inmates to be transferred to women's federal prisons.

8.   Defendants Federal Bureau of Prisons and the United States of America, through their employees have allowed a transgender policy that has caused the Plaintiff physical and emotional pain.   The Plaintiff has suffered with headaches, upset stomach, anxiety, and reasonable fears of being attacked by male inmates.

9.   Defendant Warden Erica Strong is responsible for enforcing the transgender policy at FCI-Tallahassee and is aware that the Plaintiff does not want to be housed  with male inmates.

10. Prior to the employment and/or placement of Defendants Carajval and Strong, Defendants Unknown Government Officials implemented policies that intentionally harmed the Plaintiff and other women inmates, by forcing them to shower and use other intimate facilities with known bisexual male inmates.  The Plaintiff and other women in federal prisons have been threatened, bullied, sexually harassed, and other misconduct by male inmates, many of whom have a history of attacking women and/or violent crimes.

## V.  STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States

have been violated. Be specific. If more than one claim is asserted, number each

separate claim and relate it to the facts alleged in Section III. If more than one

Defendant is named, indicate which claim is presented against which Defendant.

See following pages for
Statement of Claims

## VI.  RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal

arguments or cite to cases/ statutes. If requesting money damages *(either*

*actual or punitive damages)*, include the amount sought and explain the basis

for the claims.

See following pages for
Prayer for Relief

STATEMENT OF CLAIMS

A.   COUNT-1, DECLARATORY JUDGMENT ACT

11. The Plaintiff is seeking a declaratory judgment holding
that her constitutional and statory rights have been violated
by the Defendants, based on the facts stated in Paragraphs 1-
10.

12. The Plaintiff has shown that there are adverse legal interests,
in substantial controversy, of suffient immediacy which warrant
issuance of a declaratory judgment.  The Plaintiff has sufficiently
presented facts that her bodily privacy rights and the practice
of her religion has been impinged upon in a manner that has
substantially burdened her and violated substantive liberty
interest, bodily integrity, and free exercise of religion.

B.   COUNT-2, RELIGIOUS FREEDOM RESTORATION ACT & FIRST AMENDMENT
OF THE UNITED STATES CONSTITUTION

13. The Defendants, in their individual and official capacities,
are violating clearly established case law precedents, by forcing
the Plaintiff to share intimate spaces with bisexual, biological
male inmates.  There is no penological purpose, in line with
the mission statement of the Defendants that would cause them
to give male inmates access to the Plaintiff when she is nude
in a shower.  It is a well-known historial fact that prisons
are sex-segregated to protect women from sexual assault and
harassment by men.

14.  It is a violation of state and federal statutory law to
deny the Plaintiff to practice a tenet of her faith, tznuit/modesty
as stated in the Torah/Holy Bible.  A substantive liberty interest
is being violated, of which no due process was afforded, when
this right was taken.

15. All of the Defendants, in their individual and official
capacities, caused the Plaintiff physical, emotional, and mental
pain, for over 6 years, by denying her constitutional and statutory
right to practice her faith.

C.   COUNT-3, EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION

16. Defendants Carajval, Strong, and Unknown Government Officials
in their individual capacities, were deliberately indifferent
to the physical, emotional, mental, and religious beliefs when
they enforced the policy of housing male inmates with female
inmates.

17. It is cruel and unusual punishment to force women that have
been subjected to sexual and domestic abuse by men, to use intimate
spaces, exposing their bodies to men they do not even know,
complete strangers.  This conduct displayed a complete disregard to
social norms and the emotional needs of women in federal prisons.

9

D.   COUNT-4, FOURTEENTH AMENDMENTOF THE UNITED STATES CONSTITUTION

18. The Defendants never gave notice  to the Plaintiff that they
would begin housing biological male inmates in women's federal
prisons, in violation of the Due Process Clause of the 14th
Amendment.  The Plaintiff was denied notice and opportunity
to challenge the policy before it was implemented.

19. The Plaintiff had a substantive and/or protected liberty
interest in women's federal prisons remaining "biological women
only" prisons.  Allowing bisexual male inmates to live with
heterosexual female inmates   constitutes an atypical and significant
hardship, which created a substantive and /or protected liberty
interest by the federal government.  It shocks the conscience
of the public to know that women are being forced to share intimate
spaces with men in prison.

20. The Defendants, Carajval and Federal Bureau of Prisons,
have violated the Plaintiff's right to equal protection under
the 14th Amendment, by housing bisexual male inmates with her,
but by transferring biological female inmates that indentify
as being "men" to men's federal prisons.  The Defendants do
not believe women can be men, or they would have transferred
these biological women to a men's prison.  Instead, women-federal
inmates are forced to live with male and female inmates with
gender dysphoria, exposing their bodies to both groups.

21. If the Defendants believe that women can be men, they have
violated the Plaintiff's bodily privacy rights by forcing her
to expose herself the "men."  Male inmates at other prisons
do not have to expose themselves to biological female inmates.

E.   COUNT-5, FEDERAL TORT CLAIM ACT, 28 USC Section 1346, GENERAL
NEGLIGENCE, INFLEICTION OF EMOTIONAL PAIN AND PHYSICAL PAIN,
FLORIDA STATE LAW ON NEGLIGENCE AND INFLICTION OF EMOTIONAL
DISTRESS

22. The Defendants, in their official and individual capacities,
had a duty to provide a safe and humane prison, in compliance
with established constitutional statutory laws.

23. All of the Defendants knowingly breached their duty to provide
physically, emotionally, and mentally safe housing for the Plaintiff
by transferring male inmates to women's federal prisons.

24. Under Florida state law, Defendants Caravjal, Strong, and
other Unknown Government Officials, were negligent and there
was an intentional inflication of emotional distress.  The Defendants
had a duty to protect the the Plaintiff and failed to do so
causing her to suffer with physical pain, such as headaches,
stomach pains, as well as emotional and mental pain, to include
depression, anxiety, and depression, living with a sense of
hopelessness.

10

25. The Defendants listed in Paragraph-24, caused the Plaintiff to suffer by enacting and implementing policies that shock the conscience of society, allowing bisexual male inmates to share intimate facilities with women, without providing any notice that this policy was being enacted.

26. The Defendants received administrative grievances and this matter of unisex bathrooms for transgender persons has been greatly contested in the media.  The Defendants had actual and constructive knowledge, statistically, that women would not accept such living conditions, and would be fearful of sleeping and showering with biological male inmates.

27. The Defendants' conduct was negligent and pursuant to the FTCA and Florida state laws, they are liable for damages, as well as injunctive relief.

F.   COUNT-7, HABEAS CORPUS RELIEF, 28 USC Section 2241

28.  The Defendants, Carajval and Strong are violating the Plaintiff's constitutional rights, specifically the 1st and 8th Amendments, in the execution of her sentence.

29. When the Plaintiff was indicted in 2007, bisexual biological male inmates were not being housed with women in federal prisons. All of the Defendants conduct ahve caused the sentence of the Plaintiff to be more onerous, restrictive, and punitive than would have been the case, as contemplated at the time of sentencing. It is an additional punishment to be forced to shower and use other intimate facilities with me and not know if the Plaintiff will not be beaten up in her sleep or raped by a man in the housing units, as was the case in 2 Virginia schools by a biological male alleging he was a girl.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays the Court will:

30. Grant declaratory judgment and habeas corpus relief, by declaring the policy of the Defendants unconstitutional and provide an accommodation to the Plaintiff, such as permanent placement on home confinement for the duration of her remaining sentence.

31. Grant the Plaintiff a jury trial on all claims triable by a jury.

32.  Grant compensatory, punitve, and  nominal damages.

33.  Grant attorney fees and costs.

34.  Grant any relief the Court deems appropriate.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.  PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.  To the best of your knowledge, have you had any case dismissed for a

   reason listed in § 1915(g) which counts as a "strike"?

   ☒ YES   ☐ NO

   If you answered yes, identify the case number, date of dismissal and

   court:

   i.  Date: 4/14/2000 Case #: _Fleming v. Ratliff
       No. 6:97-405
       Court: W. D. Texas

   2   Date: 1/20/2000 Case #: _6:97-409
       Court: W. D. Texas

   3.  Date: 10/18/2000 Case #: 00-50318
       Court: 5th Circuit Court of Appeals

   *(If necessary, list additional cases on an attached page)*

B.  Have you filed other lawsuits in either ***state or federal court*** dealing with

   the same facts or issue involved in this case?

   ☐ YES ☒ NO

   If you answered yes, identify the case number, parties, date filed, result

   *(if not still pending)*, name of judge, and court for each case *(if more*

   *than one)*:

   1.  Case #:_____ Parties: _____

14

4. Date: 8/24/2000 Case#: 00-60056
5th Circuit Court of Appeals

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

2. Case #:_____Parties: _____

Court:_____Judge: _____

Date Filed:_____Dismissal Date *(if not pending)*: _____

Reason: _____

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

☒ YES   ☐ NO

If you answered yes, identify all lawsuits:

1. Case #: _09-20877_ Parties: _King Arthur, Bose Ebhamen_

    Court: _5th Circuit_ Judge: _Smith, De Moss, & Owen_

    Date Filed: _2010_ Dismissal Date *(if not pending)*: _7/15/2011_

    Reason: _appeal denied_

2. Case #: _11-20786_ Parties: _USA_

    Court: _5th Circuit_ Judge: _Jones, Dennis, & Haynes_

    Date Filed: _2013_ Dismissal Date *(if not pending)*: _N/A_

    Reason: _remanded_

3. Case #: _H-07-0513_ Parties: _USA_

16

Court: *S.D. Texas*   Judge: *Gray H. Miller*

Date Filed: *2012*   Dismissal Date *(if not pending)*: *4/7/2014*

Reason: *Section 2255 denied*

4. Case #: *H-09-2763* Parties: *GEO Group, et al.*

Court: *SD Texas*   Judge: *Lee H. Rosenthal*

Date Filed: *2009*   Dismissal Date *(if not pending)*: *4/12/10*

Reason: *Three strikes provisions*

5. Case #: *H-05-718* Parties: *USA*

Court: *SD Texas*   Judge: *Melinda Harmon*

Date Filed: *2010*   Dismissal Date *(if not pending)*: *8/3/10*

Reason: *denied on merits*

6. Case #: *7:17cv009* Parties: *USA*

Court: *ND Texas*   Judge: *Reed O'Connor*

Date Filed: *2016*   Dismissal Date *(if not pending)*: *1/11/2018*

Reason: *transferred - new case.*

*(Attach additional pages as necessary to list all cases. **Failure to**

**disclose all prior cases may result in the dismissal of this case.**)* *See additional pages*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct. Additionally, as required by Federal

17

Case #: 4:16cv1042-Y   Parties: Warden, USA
Court: N.D Texas   Judge: Terry R. Means
Date filed: 2016   Dismissal Date: 1/19/2018
Reason: lack of jurisdiction


Case #: H-17-3295   Parties: Warden, USA
Court: S.D. Texas   Judge: Gray H. Miller
Date Filed: 2017   Dismissal Date: 4/10/2018
Reason: want of jurisdiction


Case #: 4:16cv989   Parties: Warden, USA
Court: N.D. Texas   Judge: Reed C O'Connor
Date filed: 2016   Dismissal Date: 12/27/2017
Reason: Denied on the merits


Case #: 4:16cv474   Parties: Warden, USA
Court: N.D. Texas   Judge: Reed C. O'Connor
Date filed: 2016   Dismissal Date: 6/16/2016
Reason: lack of jurisdiction


Case #: W-97-CV-415   Parties: Warden/State of Texas
Court: W.D. Texas   Judge: Unknown
Date Filed: 1997   Dismissal Date: 1998
Reason: Did not pay filing fee; IFP denied


Case # 00-50078   Parties: Warden/State of Texas
Court: 5th Circuit   Judge: Smith, Barksdale +Benavides
Date Filed: 1999   Dismissal Date: 10/18/2000
Reason: IFP Denied


Case #: 18-10116   Parties Warden, USA
Court: 5th Circuit   Judge: Southwick, Haynes, +Ho
Date filed: 2018   Dismissal Date: 12/19/2018
Reason: Dismissed as frivolous

18

Case#: 4:14 cv 00300 MW CAS   Parties: Warden
Court: ND Florida   Judge: Mark E Walker
Date Filed: 2014   Dismissal Date: 3/24/2015
Reason: lack of jurisdiction

Case#: 15-11471   Parties: Warden
Court: 11th Circuit   Judge: Tjoflat, Marcus, & Pryor
Date Filed: 2015   Dismissal Date: 11/18/2015
Reason: failure to state a claim/lack jurisdiction

Case#: 14-20246   Parties: USA
Court: 5th Circuit   Dismissal Date: 9/4/2015
Date Filed: 2014   Judge James L. Dennis
Reason: Denial of COA

Case#: 13-10042   Parties: Geo Group, USA, et al
Court: 5th Circuit   Judge: Higginbotham, Owen, & Southwick
Date Filed: 2013   Dismissal Date: 8/7/2013
Reason: Case Affirmed.

Case No. 7:18 cv 004   Parties: Warden, USA
Court: ND Texas   Judge Reed C. O'Connor
Date Filed: 2018   Dismissal Date: 5/27/21
Reason: Failure to state a claim on which
          relief can be granted.

Case No. 4:20 cv-212-AW-EMT   Parties: Warden
Court: ND Florida   Judge: Allen Winsor
Date Filed: 2020   Dismissal Date: 2/15/2021
Reason: Denied on merits.

Case No. 5:18 cv 00043 FPS   Judge: Fredrick P. Stamp
Court: ND W.Va   Parties: Warden
Date Filed: 2018   Dismissal Date: 2018, 12/26
Reason: Denied on the Merits

Case#: 19CV2713   Parties: USA, DOJ, et al
Court: D. Minn.   Judge: Susan Richard Nelson
Date Filed: 2018   Dismissal Date: 3/26/2020
Reason: Barred IFP, dismissed w/o prejudice.

Case#: 16CV3116   Parties: USA, Lt. Riehn
Court: A. D. Minn.   Judge: Patrick J. Schiltz
Date Filed: 2016   Dismissal Date: 12/9/2016
Reason: Dismissed w/o prejudice

Case#: 1:15cv01135   Parties: Medicare FOIA
Court: DC   Judge: Emmet G. Sullivan
Date Filed: 2015   Dismissal Date: pending
Reason: I was prevailing party - fees &
costs decision pending.

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 10/27/21   Plaintiff's Signature: _____

Printed Name of Plaintiff: _Rhonda Fleming_

Correctional Institution: _FCI - Tallahassee_

Address: _PO Box 5000_

_Tallahassee, FL 32314_

I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☐ delivered to prison officials for mailing or ☒ deposited in

21

the prison's mail system for mailing on the ___27th___ day of ___October___,
20 ___21___.


Signature of Incarcerated Plaintiff: _____

FOREVER / USA
FOREVER / USA
FOREVER / USA
FOREVER / USA

Tallahassee FL 323
SAT 30 OCT 2021 PM

Mhand
FCI-
PO Box 5000
Tallahassee, FL 32314



U.S. District Court
Office of The Clerk
111 N. Adams Street
Tallahassee, FL 32301

NOV 0 1 2021