IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

   *Plaintiff*,

v.                                Case No.: 4:21cv325-MW/MJF

FEDERAL BUREAU
OF PRISONS, et al.,

   *Defendant*.

_____/

**ORDER ACCEPTING IN PART AND REJECTING
IN PART REPORT AND RECOMMENDATION
AND REMANDING CASE TO MAGISTRATE JUDGE**

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 14, and has also reviewed *de novo* Plaintiff's objections, ECF No. 15.

In her objections, Plaintiff asserts that "the district court in the Northern District of Texas stated that" she was not entitled to declaratory or injunctive relief on her intentional infliction of emotional distress claim because her transfer to Florida mooted the issue. *Id.* To dismiss Plaintiff's claims for declaratory and injunctive relief based on intentional infliction of emotional distress would put her in a catch 22: she cannot pursue her claim in Texas because she is in Florida and she cannot pursue her claim in Florida because it was rejected in Texas. For that reason,

this Court **REJECTS** the Report and Recommendation as to Plaintiff's intentional infliction of emotional distress claim—as to injunctive and declaratory relief for the implementation of the Transgender Policy *only*. *See* ECF No. 10 at 9, 11 (requesting declaratory and injunctive relief). Because this Court declines to dismiss the individual-capacity intentional infliction of emotional distress claim against Defendants Carajval and "Unknown Government Officials," it also declines to relinquish jurisdiction over the remaining state-law individual capacity claims against these Defendants at this juncture.

With that caveat, this Court **ACCEPTS** the balance of the Magistrate Judge's well-reasoned and thorough Report and Recommendation.

**IT IS ORDERED**:

1. The Report and Recommendation, ECF No. 14, is **ACCEPTED in part** and **REJECTED in part**.
2. This case is remanded to the Magistrate Judge for further pretrial proceedings on the following claims against all Defendants:
    a. Plaintiff's intentional infliction of emotional distress claim based on the implementation of the Transgender Policy with respect to injunctive and declaratory relief only; and
    b. Plaintiff's individual-capacity state-law tort claims against all Defendants.

3. This case is remanded to Magistrate Judge for further pretrial proceedings on the following claims against Defendant Warden Strong:

    a. Plaintiff's individual-capacity claim against Strong under the RFRA for substantially burdening Plaintiff's exercise of her religion by requiring her to expose her nudity to male-sexed inmates who claim female gender and by requiring her to use feminine pronouns when addressing or referring to male-sexed inmates; and

    b. Plaintiff's individual and official-capacity claims against Strong for violation of Plaintiff's constitutional right to bodily privacy.

4. All other federal claims in this lawsuit are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1).

    **SO ORDERED on April 4, 2022.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
