IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RHONDA FLEMING,**

    *Plaintiff*,

v.                              Case No.: 4:21cv325-MW/MJF

**FEDERAL BUREAU
OF PRISONS,** *et al*.,

    *Defendants*.
_____/

# AMENDED[1] ORDER ACCEPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION AND REMANDING CASE TO MAGISTRATE JUDGE

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 14, and has also reviewed *de novo* Plaintiff's objections, ECF No. 15.

In her objections, Plaintiff asserts that "the district court in the Northern District of Texas stated that" she was not entitled to declaratory or injunctive relief on her intentional infliction of emotional distress claim because her transfer to Florida mooted the issue. *Id*. To dismiss Plaintiff's claims for declaratory and injunctive relief based on intentional infliction of emotional distress would put her

---

[1] This Court enters this amended Order recognizing that—although it rejected the Magistrate Judge's reasoning in dismissing some of Plaintiff's claims—an alternative ground for dismissing those claims exists.

in a catch 22: she cannot pursue her claim in Texas because she is in Florida and she cannot pursue her claim in Florida because it was rejected in Texas. For that reason, this Court **REJECTS** the Report and Recommendation as to Plaintiff's intentional infliction of emotional distress claim—as to injunctive and declaratory relief for the implementation of the Transgender Policy only. *See* ECF No. 10 at 9, 11 (requesting declaratory and injunctive relief). Nevertheless, because Plaintiff's intentional infliction of emotional distress claim under the FTCA for injunctive and declaratory relief is barred by sovereign immunity, this Court dismisses the claim on the basis of sovereign immunity. *See Kight v. U.S. Dist. Ct., N. Dist. of Ga.*, 681 F. App'x 882 (11th Cir. 2017) (dismissing FTCA claim for injunctive and declaratory relief "[b]ecause the FTCA does not waive sovereign immunity for relief other than money damages") (citing 28 U.S.C. § 1346(b)(1), and *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006)). Further, this Court declines to exercise supplemental jurisdiction over any state-law claims except those against Defendant Warden Strong.

With that modification, this Court **ACCEPTS** the balance of the Magistrate Judge's well-reasoned and thorough Report and Recommendation.

**IT IS ORDERED**:

1. The Report and Recommendation, ECF No. 14, is **ACCEPTED in part** and **REJECTED in part**, as set forth above.

2. This case is remanded to the Magistrate Judge for further pretrial proceedings on the following claims against Defendant Warden Strong:

    a. Plaintiff's individual-capacity claim against Strong under the RFRA for substantially burdening Plaintiff's exercise of her religion by requiring her to expose her nudity to male-sexed inmates who claim female gender and by requiring her to use feminine pronouns when addressing or referring to male-sexed inmates; and

    b. Plaintiff's individual and official-capacity claims against Strong for violation of Plaintiff's constitutional right to bodily privacy.

    c. Plaintiff's individual-capacity state-law tort claims against Strong.

3. All other federal claims in this lawsuit are **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b)(1).

4. All state-law claims against Defendants Carajval and "Unknown Government Officials" in their individual capacities are **DISMISSED without prejudice**.

**SO ORDERED on April 5, 2022.**

s/Mark E. Walker<br>
**Chief United States District Judge**