# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.                                                                       Case No. 4:21-cv-325-MW-MJF

ERICA STRONG,
WARDEN OF FCI-TALLAHASSEE,

    Defendant.

_____/

## PLAINTIFF RHONDA FLEMING'S REQUESTS FOR ADMISSION

Consistent with Federal Rule of Civil Procedure 36, the Plaintiff requests that the Defendant admit or answer the following requests for admission within 30 days unless otherwise stipulated by the parties under Rule 29 or by Court order.

I. Critical Instructions to Defendant

This discovery request is directed to the Defendant in this case. The remaining claim against the Defendant is the Plaintiff's "official-capacity constitutional bodily privacy claim seeking declaratory and injunctive relief concerning the BOP's Transgender Policy." (Doc. 91 at 2). The named Defendant in this case is Erica Strong, an official of the federal government, in her official capacity as Warden of Federal Correctional Institute (FCI) Tallahassee. (*See id.*). "A suit against an official of the federal government in the officer's official capacity is considered a suit against the United States." *Keel v. U.S. Dep't of Air Force*, 256 F. Supp. 2d 1269, 1282

1

(M.D. Ala. 2003) (citing *Kentucky v. Graham*, 473 U.S. 156, 165 (1985)). Thus, even if Ms. Strong is no longer warden of FCI Tallahassee, these requests for admission must be admitted or answered by an individual with knowledge or authority to do so on behalf of the United States or FCI Tallahassee (a federal prison under the jurisdiction of the United States government). *See Trane Co. v. Klutznick*, 87 F.R.D. 473 (W.D. Wis. 1980).

To the extent that Defendant has any questions about the scope of these requests, counsel for the Defendant is encouraged to contact Plaintiff's counsel, who will be happy to clarify any questions.

## II. Additional Instructions

1. Defendant must specifically admit or deny each Request for Admission.

2. The answer to any Request for Admission must fairly meet the substance of the requested admission.

3. When good faith requires that Defendant qualify its answer or deny only a part of the matter for which an admission is requested, Defendant must specify the portions of the Request to which it admits and then deny or qualify its answer as to the remainder. Wherever a denial or partial denial is made, Defendant shall state each and every fact that forms the basis for the denial or partial denial, and shall identity all documents that support or tend to refute its denial or partial denial.

4.     Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant indicates that it has made a reasonable inquiry and indicates that the information known or readily obtainable by Defendant is insufficient to enable it to admit or deny the matter for which an admission is requested.

5.     Defendant may not object to a Request for Admission based solely on the ground that the matter inquired into presents a genuine issue for trial.

6.     If, in responding to any of these Requests for Admission, Defendant encounters any ambiguity in construing either the Request, a definition, or an instruction, state with specificity the matter deemed ambiguous and identity the construction chosen or used in responding to the Request.

### III. Definitions

1.     "Communication" is used in the broadest sense allowed under Federal Rules of Civil Procedure 26(b), 34(a), and 45(a) and means any transmission or exchange of information orally or in electronic or physical writing.

2.     "Document" and "Documents" are used in the broadest sense allowed under Federal Rules of Civil Procedure 26(b), 34(a), and 45(a) and include, but are not limited to, any hard copy or electronically stored information and emails.

3. "Material" and "Materials" mean information, ideas, data, documents, or other things that are used in reports, studies, memoranda, policy statements, policies, regulations, or rules.

4. "BOP" means the Federal Bureau of Prisons.

5. "FCI" means Federal Correctional Institute.

6. "FCI-Tallahassee" means Federal Correctional Institute in Tallahassee, Florida.

7. "Transgender Policy" refers to Program Statement 5200.04 CN-1 (January 18, 2017; May 11, 2018; and January 13, 2022), entitled "Transgender Offender Manual."

8. "Biological Males" means a person with XY chromosomes, has male sex and reproductive organs, and belongs to the sex that produces gametes that fertilize eggs of a female. *Male*, *Merrian-Webster's Collegiate Dictionary* 752 (11th ed. 2020).

9. "Biological Females" means a person with XX chromosomes, has female sex and reproductive organs, and a person belonging to the sex that produces eggs. *Female*, *Merrian-Webster's Collegiate Dictionary* 460 (11th ed. 2020).

10. "Transgender" means a person whose gender identity does not correspond with the sex registered for that person at birth.

11. "Relating to" and "related to" mean consisting of, concerning, referring to, reflecting, supporting, evidencing, prepared in connection with, used in preparation for, or being in any way legally, logically, or factually connected to the matter discussed.

12. The terms "and" and "or" must be construed conjunctively or disjunctively so as to make each particular request inclusive rather than exclusive.

13. The singular and plural forms of any word must be construed interchangeably so as to being with the scope of this Request any document that might otherwise be construed as outside its scope.

14. Various definitions and other terms have been capitalized in this Request for convenience of the reader. But, in responding to this Request, the fact that a term is or is not capitalized must not be used to narrow the scope of responsive documents or information provided.

15. Unless otherwise stated in any specific request below, the relevant time period for each request is from January 1, 2015, through the date of service of this Request.

16. This Request is continuing in nature. If you become aware of or acquire possession, custody, or control of additional documents, communications, or materials that are responsive to this Request, you must promptly produce such additional documents, communications, or materials.

17. This Request applies to all documents, communications, materials, and information in your possession, custody, or control regardless of their location and regardless of whether such documents or information are held by your current or former employees, including, but not limited to, in-house IT specialists and technicians, IT specialists and technicians to whom digital services have been out-sourced.

## IV. Requests for Admission

1. Admit that BOP did not consider any alternatives to the Transgender Policy when determining how to best serve the penological interests asserted in Defendant's Response to Plaintiff's First Set of Interrogatories Number 1.

2. Admit that BOP did not give any consideration to biological females' right to bodily privacy when BOP considered, adopted, and implemented the Transgender Policy.

3. Admit that the only consideration BOP gave to the Transgender Policy's effect on correctional officers and other BOP employees was the staff's use of pronouns.

4. Admit that BOP did not give any consideration to the effect that the Transgender Policy would have on the allocation of prison resources, including medical treatment, housing, food supply, recreation, bathroom facilities, and rehabilitative programs.

Respectfully submitted,

/s/ *Jeffrey P. Bristol, Esq*  
Jeffrey P. Bristol  
Florida Bar No. 1022461  
Paul E. Parrish, Esq.  
Florida Bar No. 373113  
**PARRISH LAW, P.A.**  
1290 Highway A1A, Suite 101  
Satellite Beach, FL 32937  
Telephone: (321) 622-4882  
Facsimile: (813) 712-8780  
paul.parrish@theparrishlaw.com  
jeffrey.bristol@theparrishlaw.com

*/s/ Diego M. Pestana*  
Diego M. Pestana  
Florida Bar No. 1004436  
**THE SUAREZ LAW FIRM, P.A.**  
1011 West Cleveland Street  
Tampa, FL 33606  
Telephone: (813) 229-0040  
Facsimile: (813) 229-0041  
dpestana@suarezlawfirm.com

*Counsel for Plaintiff Rhonda Fleming*