UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.                                                                             Case No. 4:21-cv-325-MW-MJF

ERICA STRONG,
WARDEN OF FCI-TALLAHASSEE,

    Defendant.

_____/

**PLAINTIFF RHONDA FLEMING'S RESPONSE TO DEFENDANT
ERICA STRONG'S MOTION TO DISMISS OR MOTION IN LIMINE**

In a Hail Mary attempt to avoid trial, Defendant Erica Strong tries to muddy the waters about what the Court must decide at the forthcoming bench trial. In doing so, Strong misstates Plaintiff Rhonda Fleming's position and Court orders. Strong also omits entirely Supreme Court precedent governing Strong's arguments about sovereign immunity—precedent Ms. Fleming's counsel sent and discussed with the government almost one month before Strong filed her motion to dismiss. *See* Ex. A. The Court should decline to entertain Strong's gamesmanship and allow the parties to proceed to the scheduled bench trial on January 14.

Sovereign immunity does not bar Ms. Fleming's remaining claim against Strong because that claim falls under both exceptions to sovereign immunity. Namely, (1) in enacting and enforcing the Transgender Policy, Strong acted in a way

1

in which the sovereign has forbidden her to act through the Constitution; and (2) Strong's actions in enacting and enforcing the Transgender Policy was and is an unconstitutional violation of Ms. Fleming's right to bodily privacy. *See Laron v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689–90 (1949). Strong's alternative attempt to move in limine on the issues raised in her motion to dismiss is an improper attempt to maneuver around the Court's pretrial requirements for handling evidence and exhibits for trial. (*See* Doc. 114 at 3). As a result, the Court should deny Strong's motion in its entirety.

**Memorandum of Law**

1. Ms. Fleming's remaining claim is clear.

To begin, Strong attempts to muddy the waters about what is Ms. Fleming's remaining claim. The Court resolved this issue before the undersigned even appeared. *See* (Doc. 88 at 1) ("The undersigned recommends that Strong's motion to dismiss be granted as to all of Fleming's federal claims except Fleming's official-capacity claim against the BOP seeking declaratory and injunctive relief for violation of her right to bodily privacy arising from the BOP's 'Transgender Policy.'"); (Doc. 91 at 2) ("Defendant's motion to dismiss is denied as to Plaintiff's official-capacity bodily-privacy claim seeking declaratory and injunctive relief concerning the BOP's Transgender Policy.").

In her filings since the undersigned counsel appeared, Mr. Fleming has repeated the nature of her remaining claim. *See* (Doc. 110 at 5); (Doc. 138 at 2) ("[T]he Bureau of Prisons' adoption and implementation of the Transgender Policy, which allows inmates to self-report their gender identity without verification and be housed according to that identity, resulted in a violation of Ms. Fleming's constitutional right to bodily privacy when she was forced to expose her private parts to inmates who are members of the opposite biological sex."). And, in its order denying summary judgment, the Court reiterated the remaining claim: "Plaintiffs sole remaining claim seeks declaratory and injunctive relief against Defendant, in her official capacity, for violating Plaintiff's constitutional right to bodily privacy while incarcerated as an inmate in federal prison." (Doc. 143 at 1). Finally, during the pretrial stipulation conference, and in the subsequent email correspondence, Ms. Fleming's counsel clearly stated the remaining claim. *See* Ex. 1 at 2 ("To reiterate, the remaining claim against Ms. Strong is a claim for injunctive relief against the Transgender Policy, which fails the *Turner* factors, and resulted in the [Bureau of Prisons] violating Ms. Fleming's constitutional right to bodily privacy.").

The Court should not entertain Strong's last-minute attempt to cause delay by confusion because all parties and the Court are fully aware of what is Ms. Fleming's remaining claim at trial.

3

      2.      <u>Sovereign immunity does not bar Ms. Fleming's claim.</u>

Despite this case being over three years old, Strong—on the eve of trial—raises an all-too-familiar defense for the federal government: sovereign immunity. But sovereign immunity does not bar Ms. Fleming's remaining claim because her claim falls under both exceptions to sovereign immunity.

Two exceptions exist to the general rule that a suit against a federal officer is prohibited under sovereign immunity. First, a plaintiff may sue a federal officer when "[t]he officer is not doing the business which the sovereign has empowered him to do or he is doing it in a way which the sovereign has forbidden." *Larson*, 337 U.S. at 689. Second, a plaintiff may sue a federal officer when the action the federal officer takes in the sovereign's name is unconstitutional. *Id.* at 690. *Larson* provides a poignant example of the second exception to sovereign immunity: "Actions for habeas corpus against a warden and injunctions against the threatened enforcement of unconstitutional statutes are familiar examples of this type." *See id.*; *see also Dalton v. Spencer*, 511 U.S. 462, 472 (1994) (discussing *Larson*).

In this case, Ms. Fleming's remaining claim falls under both exceptions to sovereign immunity. First, when Strong enacted and enforced the Transgender Policy, she acted in a way in which the United States has forbidden through the Constitution because the Transgender Policy resulted in a violation of Ms. Fleming's right to bodily privacy. *See Larson*, 337 U.S. at 689–90. Second, when Strong

4

enacted and enforced the Transgender Policy, which resulted in a violation in Ms. Fleming's right to bodily privacy, she took action in the sovereign's name pursuant to an unconstitutional conferral of power. *See Larson*, 337 U.S. at 690. As a result, sovereign immunity does not bar Ms. Fleming's remaining claim.

An instructive case on this point comes from the Second Circuit in *Liffiton v. Keuker*, 850 F.2d 73 (2d 1988). There, the plaintiff sought injunctive relief against United States officers in their official capacities for civil-rights violations. *Id.* at 75, 77–78. The district court dismissed the plaintiff's claims against those defendants. *Id.* at 77–78. But the Second Circuit reversed that decision, relying on both exceptions to sovereign immunity: "Because the complaint alleges that the federal defendants acted outside the scope of their statutory authority and outside constitutional limits, the claims for injunctive relief are not barred by sovereign immunity, and were improperly dismissed by the district court." *Id.* at 78.

Just as the plaintiff did in *Liffiton*, Ms. Fleming brings a claim for injunctive relief against Strong in her official capacity. And, just as was the case in *Liffiton*, Ms. Fleming alleges that Strong's actions were not and are not empowered by the sovereign and that Strong acted outside constitutional limits. As a result, the Court should follow *Liffiton* and conclude that both exceptions to sovereign immunity apply to Ms. Fleming's remaining declaratory and injunctive claim for relief.

> 3. <u>Strong's alternative motion in limine is more appropriately handled through the pretrial stipulation.</u>

Strong's alternative motion in limine is inappropriate for multiple reasons. To begin, the government never conferred with the undersigned on any motion-in-limine issues—only on a possible motion to dismiss. *See* Ex. A. On that basis alone, the Court should deny the government's motion in limine. *See* (Doc. 120) ("As Defendant points out, Plaintiff failed to confer with opposing counsel prior to filing the pending motion and did not include a certificate of conferral, contrary to the Local Rules of this Court.").

Relatedly, the parties have not jointly drafted or filed the pretrial stipulation yet. (*See* Doc. 144 at 1) (setting December 27, 2024, as the deadline for pretrial paperwork). Part of that stipulation will include a list of exhibits, including notations of any objections and the grounds for each objection. (*Id.* at 3). But, in filing a motion in limine without conferring with the undersigned, the government has bypassed the Court's requirements under the Amended Order for Pretrial Conference, resulting in unnecessary litigation. As a result, the Court should deny Strong's alternative motion in limine without prejudice pending the parties' pretrial stipulation.

## Conclusion

Ms. Fleming has waited for years for her day in court to vindicate her constitutional right to bodily privacy. She has overcome every possible hurdle that might have resulted in a premature end to her case: She survived an early motion to

dismiss; she obtained evidence in discovery to aid her case; and she survived summary judgment at the close of all discovery. The Court should reject Strong's last-minute attempt to avoid trial and finally allow Ms. Fleming her day in Court. Put simply, sovereign immunity does not bar Ms. Fleming's remaining claim. Therefore, Ms. Fleming respectfully asks that the Court deny Strong's motion to dismiss and alternative motion in limine and that trial proceed as scheduled (along with the same pretrial deadlines) on January 14.

Respectfully submitted,

| | |
|---|---|
| */s/ Jeffrey P. Bristol, Esq.* | */s/ Diego M. Pestana* |
| Jeffrey P. Bristol | Diego M. Pestana |
| Florida Bar No. 1022461 | Florida Bar No. 1004436 |
| Paul E. Parrish, Esq. | **THE SUAREZ LAW FIRM, P.A.** |
| Florida Bar No. 373113 | 1011 West Cleveland Street |
| **PARRISH LAW, P.A.** | Tampa, FL 33606 |
| 1290 Highway A1A, Suite 101 | Telephone: (813) 229-0040 |
| Satellite Beach, FL 32937 | Facsimile: (813) 229-0041 |
| Telephone: (321) 622-4882 | dpestana@suarezlawfirm.com |
| Facsimile: (813) 712-8780 | |
| paul.parrish@theparrishlaw.com | |
| jeffrey.bristol@theparrishlaw.com | |

*Counsel for Plaintiff Rhonda Fleming*

## LOCAL RULE 7.1(F) CERTIFICATE

The undersigned certifies that this response contains 1,384 words, which is below the 8,000-word limit.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 9, 2024, a copy of this document was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

*/s/ Diego M. Pestana*
Diego M. Pestana
