IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RHONDA FLEMING,

    Plaintiff,

v.

ERICA STRONG,
WARDEN OF FCI-TALLAHASSEE,

    Defendant.

Civil Case Number:
4:21-CV-325-MW-MJF

## DEFENDANT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant this Court's Amended Order for Pretrial Conference at ECF No. 144, Defendant Erica Strong, in her official capacity as Warden of FCI-Tallahassee, ("Defendant") submits her proposed findings of fact and conclusions of law as follows.

### Proposed Findings of Fact

1. Plaintiff was housed at FCI Tallahassee from October 30, 2018, to January of 2022.

2. Plaintiff is currently housed at Federal Medical Center in Carswell, Texas.

3. Her current scheduled release date is June 13, 2033.

4. At FCI Tallahassee, the shower area in the A North housing unit is subdivided into individual shower stalls, with barriers between the stalls.

5. Similarly, there are opaque curtains shielding the toilet areas.

6. The only two transgender females (natal males) that Plaintiff interacted with while at FCI Tallahassee, to her knowledge, were ET and CJ.

7. Plaintiff never shared a cubicle with either ET or CJ.

8. Plaintiff testified that she always used the shower curtain when showering. Further, she testified that she never changed her clothing in her cubicle, she pulled the shower curtain closed every time and changed her clothes behind the shower curtain.

9. Plaintiff has not identified any instance where she was forced to expose herself to a natal male.

## Conclusions of Law

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331, because Plaintiff claims a constitutional violation, and has disclaimed any challenge to discretionary housing-placement determinations by the Bureau of Prisons.

2. To establish standing, a plaintiff must show: (1) an "injury in fact," that is, a violation of a legally protected interest that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical"; (2) a causal connection between the injury and the defendant's conduct; and (3) that it is "likely, as opposed

to merely speculative that the injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)

3. Plaintiff has not met her prima face burden to establish an injury in fact.

4. Plaintiff's testimony indicates that there was no "compelled nudity to the opposite sex" when showering or using the toilet.

5. Alternatively, even if Plaintiff had established an injury in fact, prison regulations are permissible if "reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

6. The Eleventh Circuit articulated four factors to consider in weighing the reasonableness of such regulations: (a) whether there is a valid, rational connection between the regulation and a legitimate government interest put forward to justify it; (b) whether there are alternative means of exercising the asserted constitutional right that remain open to the AICs; (c) whether and the extent to which accommodation of the asserted right will have an impact on prison staff, AICs and the allocation of prison resources generally; and (d) whether the regulation represents an exaggerated response to prison concerns. *See Harris v. Thigpen*, 941 F.2d, 1495, 1516 (11th Cir. 1991) (quoting *Turner*, 482 U.S. at 89–91)

7. All factors establish that any infringement on Plaintiff's privacy rights was reasonable under *Turner*.

                                                       Respectfully submitted,

JASON R. COODY
United States Attorney

*/s/ Marie A. Moyle*
**MARIE A. MOYLE**
Assistant United States Attorney
Florida Bar No. 1003498
Email: marie.moyle@usdoj.gov
111 North Adams Street, 4th Floor
Tallahassee, FL 32301
Telephone:  (850) 942-8430
Fax:  (850) 942-8466

Counsel for Defendant